## KELLY et al. v. BOWMAN.

### Nos. 10721, 10722.

United States Court of Appeals
Seventh Circuit.

March 2, 1953.

H. T. Dighton, Monticello, Ill., for Kelly.

Hutson & Hutson and N. E. Hutson, Monticello, Ill., for Bowman.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

PER CURIAM.

Plaintiffs brought this action in the District Court to determine the title to approximately two acres of ground in Piatt County, Illinois, originally condemned for school purposes but subsequently abandoned by the school trustees. Also involved was the title to the buildings erected on the land by the trustees during the time of its occupancy for school purposes. The District Court held that plaintiffs as the successors in title of the owner at the time of condemnation were entitled to the land but that the buildings erected thereon by the trustees belonged to the defendant Bowman who had purchased them at a public sale conducted by the trustees. Defendant Bowman appeals from that part of the judgment decreeing title to the land in plaintiffs, and plaintiffs appeal from that part decreeing title to the buildings in Bowman.

The facts are not in dispute, as they were stipulated. Jurisdiction exists on account of diversity, with the requisite jurisdictional amount. Judge Casper Platt, by whom the case was tried, filed an opinion, Kelly v. Bowman, D.C., 104 F.Supp. 973, which contains an adequate statement of the facts, as well as a thorough analysis of the applicable Illinois law. Inasmuch as we agree with the result which he reached, as well as the reasoning upon which it is predicated, we think no good purpose could be served in writing an opinion. We therefore adopt the opinion of Judge Platt as that of this court.

It should be noted that the decree imposes the conditions under which and a date by which the defendant Bowman is to remove the buildings from the land. This time has expired during the appeal. It will now be incumbent upon the District Court to again fix a reasonable time for the removal of the buildings by Bowman or his assignee and to impose appropriate conditions in connection therewith.

The judgment appealed from is Affirmed.